[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12764
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00170-MW-CJK


IRIS WEEKLEY, As Personal Representative of
The Estate of Jeffery Weekley and o/b/o KW as Survivor,

Plaintiff-Appellee,

versus

NICK EMBRY, In His Individual Capacity,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 5, 2014)


Before PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Deputy Nick Embry appeals the district court's denial of his motion for summary judgment based on qualified immunity in a 42 U.S.C. § 1983 civil action alleging that Deputy Embry used excessive force against Jeffrey Weekley, in violation of Weekley's Fourth Amendment rights.  No reversible error has been shown; we affirm.

Briefly stated, Deputy Embry responded to a 911 call about a domestic disturbance between Weekley and Evelyn Burch.  After the Deputy arrived at the scene, Burch requested that he issue Weekley a trespassing warning.  The Deputy located Weekley in the woods behind Burch's house.  The parties dispute what happened next.  But, after a short exchange between the two men, the Deputy shot and killed Weekley.

After a hearing, the district court denied the Deputy's motion for summary judgment based on qualified immunity.  Viewing the evidence in the light most favorable to Plaintiff, the district court concluded that Weekley posed no imminent threat of serious physical harm to the Deputy at the time of the shooting.

2

Drawing all inferences and viewing this record in the light most favorable to Plaintiff,[1] we accept that summary judgment based on qualified immunity is not demanded at this stage in the proceedings.[2]

AFFIRMED.

---

[1] We review <u>de novo</u> a district court's denial of a motion for summary judgment based on qualified immunity, "drawing all inferences and viewing all of the evidence in a light most favorable to the nonmoving party." <u>Gilmore v. Hodges</u>, 738 F.3d 266, 272 (11th Cir. 2013).

[2] We do not rule out today that qualified immunity might be granted properly later in the proceedings, as the operative facts are found or as the lack of sufficient admissible evidence to carry a party's burden of proof becomes apparent.